Loretta C. Houghton
vs.                              No. 85868.
Jean B. Baillargeon

January 21, 1933.

CHURCHILL, J. Heard on motion for a new trial filed by the defendant after a verdict for $4,000 for the plaintiff in an action of negligence.

The defendant operated a taxicab and the plaintiff and her husband were passengers for transportation by the defendant at the time of the accident on May 25, 1930. The cab came down Carrington Avenue, which debouches into the Manville Road at right angles. The defendant intended to turn to his left to go to Woonsocket on the Manville Road. He drove slowly down Carrington Avenue and came almost to a stop when close to the intersection of the two roads. At that time an automobile was seen coming from the direction of Woonsocket. The plaintiff estimated it was distant about 50 feet when she first saw it. The defendant, instead of allowing the approaching car to pass, started up and attempted to cross the street. The two cars came into collision, the taxicab being struck on its rear end by the oncoming automobile.

The driver of that car, Alphonse J. Biladeau, testified that he saw the other car coming down Carrington Avenue, that he saw the taxicab come nearly to a stop, then saw it start up and shoot across the road in front of him; that he was driving at a speed of from 20 to 25 miles an hour; that he put on his brakes but could not avoid the collision.

The defendant did not testify in his own behalf.

The verdict of the jury was clearly warranted on the evidence both on the question of the due care of the plaintiff and the negligence of the defendant.

The defendant argues that the damages are excessive.

The plaintiff had previously brought suit against Biladeau and had received $4,000 in settlement of her claim against him, and had executed a covenant not to sue. The jury were instructed in substance that, in arriving at their verdict, they should deduct the sum of $4,000 from what they might determine to be a fair compensation for the injuries sustained by the plaintiff as a result of the accident.

The plaintiff suffered a complete fracture of the lower jaw and when examined shortly after the accident by her physician, Dr. King, it was found that the bones of the jaw were protruding through the flesh. Some of her teeth were knocked out at the time of the accident and it became necessary to remove all the others. Pieces of the bone from the splintered jaw were still in the tissue of the flesh of the face. She was unable to eat solid food up to the time of the trial and for a considerable period of time it was necessary to feed her through a tube. Dr. King further testified that she was suffering from a severe nervous disorder as a result of the accident to such an extent that it was necessary frequently to administer opiates to alleviate sleeplessness. He further testified that it would be from 2 to 5 years before she would be able to work. Her medical bill to the date of the trial was $325. At the time of the accident, she was earning from $40 to $45 a week. There was some dispute as to whether an operation performed at the Woonsocket Hospital, subsequent to the first operation immediately after the accident, was made necessary by the accident. Eliminating this feature of the case from consideration, and without going into any further confirmatory details, in the opinion of the Court the verdict was not excessive, after taking into consideration the fact that the plaintiff had already received $4,000.

The motion for a new trial is hereby denied.

For plaintiff: Fred Israel, John R. Higgins.

For defendant: Cooney & Kiernan, Quinn, Kernan & Quinn, M. DeCiantis.